

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-14-00401-CR

### EX PARTE WILLIAM M. WINDSOR

_____

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 14-158

_____

# ORDER

_____

The notice of appeal from the habeas trial court's denial of appellant's "first amended application for writ of habeas corpus" and appellant's "emergency motion for discharge or bail" were transmitted to this Court by appellant on December 19, 2014 via FedEx and were received and filed on December 23, 2014.

In appellant's "emergency motion for discharge or bail," he requests, among other things, relief in the form of release on a personal recognizance bond pending this appeal. While appellant's documents were in transit to this Court, appellant was released by the habeas trial court on a personal recognizance bond on December 19, 2014. At the direction of the Court, in a January 9, 2015 letter, the Clerk of this Court

asked appellant to file a response addressing whether his "emergency motion for discharge or bail" is moot because of his release on a personal recognizance bond.

In his response, which was filed on January 13, 2015, appellant contends that his "emergency motion for discharge or bail" is not moot because his personal recognizance bond was revoked by the habeas trial court because he failed to appear at a December 30, 2014 hearing that he alleges he was not given notice of.

**The Court dismisses as moot** appellant's "emergency motion for discharge or bail" because appellant was released on a personal recognizance bond.

**The Court denies** appellant's request that the Court grant emergency relief for events that occurred after the filing of his "first amended application for writ of habeas corpus" in the habeas trial court and after his release on a personal recognizance bond because those matters are not properly before this Court in this appeal from the habeas trial court's denial of the "first amended application for writ of habeas corpus;" *i.e.*, they are matters that were not before the habeas trial court when it denied the "first amended application for writ of habeas corpus."

On January 14, 2015, appellant filed a second "motion for emergency relief." He requests that we immediately consider his appeal because his personal recognizance bond was revoked. Because the record and briefs have not yet been filed, and because appellant seeks emergency relief for events that occurred after the filing of his "first amended application for writ of habeas corpus" in the habeas trial court and after his release on a personal recognizance bond—matters that are not properly before this Court in this appeal from the habeas trial court's denial of the "first amended

application for writ of habeas corpus" because they were not before the habeas trial court—**the Court denies** appellant's "motion for emergency relief."

Furthermore, to the extent that appellant is requesting *original* habeas corpus relief from this Court in his emergency motions, **the Court dismisses for lack of jurisdiction** such requests because the courts of appeals do not have *original* habeas corpus jurisdiction in criminal law matters. *Ex parte Hearon*, 3 S.W.3d 650 (Tex. App.—Waco 1999, orig. proceeding).

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Order issued and filed January 22, 2015
Do not publish

